IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| RAYMOND WINTERSTEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff(s),<br><br>vs.<br><br>FERRARA CANDY COMPANY,<br><br>    Defendant(s). | 4:13-cv-468-JAJ-HCA<br><br><br><br><br>REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS TWENTY-FIVE PLAINTIFFS FOR WANT OF PROSECUTION AND AS A DISCOVERY SANCTION |

Before the Court is defendant's motion to dismiss twenty-five plaintiffs for want of prosecution and as a discovery sanction [131]. Plaintiffs resist in part [132] with respect to the claims of plaintiffs Aimee Jackson and Eduardo Cantu but do not otherwise resist dismissal of the other plaintiffs named by defendant.

This is a class action case making claims under the Fair Labor Standards Act for wages plaintiffs claim should have been paid for time spent donning and doffing uniforms and/or completing paperwork before starting work at defendant facility. Discovery of opt-in plaintiffs has been proceeding under a sampling procedure agreed upon by the parties. Defendant asserts that twenty-five of the plaintiffs have not responded to defendant's written discovery, have served incomplete responses or will not cooperate in discovery: Jennifer Brooks, Eduardo Cantu, Kathleen Christensen, Joseph Conley, Crystal Conley, Sharon Cottrell, Steve Cox, Dalton Daughenbaugh, Laura Drake, Janeen Frey, Mary Ganoe-Danielson-Stroud, Ruben Hernandez, Norah Hill, Connie Jo Holaday, Aimee Jackson, Shannon Johnson, Jeffrey Patrick Madore, Bailey

McPike, Christopher Michael Philpott, Susan Quick, Jody Reed, Sue Ellen Rohner, Joe Ronfeldt, Dornida Sorensen, and Jose Villareal. Defendant moves for dismissal of their claims for failure to prosecute under Fed. R. Civ. P. 41(b) and as a sanction under Fed. R. Civ. P. 37(b) and (d). Defendant notes that Ms. Ganoe-Danielson-Stroud and Mr. Hernandez gave extremely short notice they could not appear for scheduled depositions in April (the first 30 minutes, the latter the night before) after two attorneys for defendant traveled to Des Moines for those depositions.

Except for plaintiffs Aimee Jackson and Eduardo Cantu, plaintiffs do not oppose dismissal of the other listed plaintiffs. Plaintiffs argue that plaintiff Aimee Jackson served her discovery responses on defendant on May 5, 2016, the eve of the date on which defendant's motion to dismiss was due. Similarly plaintiff Eduardo Cantu served his discovery responses on March 29, 2016 and supplemented them on May 12, 2016.

In reply, defendants argue that neither Jackson nor Cantu sat for depositions before the court-imposed May 6, 2016 deadline and at a minimum, they should be ordered to sit for depositions on a date mutually agreeable to the parties no later than June 22, 2016. Furthermore, based on the recent history of plaintiffs canceling depositions at the last minute, defendant requests that Jackson and Cantu confirm no later than five days before a scheduled deposition that they will appear and if they do not comply, be advised they could be liable for defendant's fees and costs associated with the present motion as well as fees and costs incurred in scheduling their depositions.

Ms. Jackson has indicated she will cooperate in discovery and there is time under the Court's order regarding short-term discovery [124] to complete her deposition. As with Ms. Jackson, there is also time for Mr. Cantu's deposition to be completed. Defendant's motion should

be granted in part with respect to the other plaintiffs and denied with respect to Ms. Jackson and Ms. Cantu.

IT IS RESPECTFULLY RECOMMENDED that in view of their failure to prosecute their claims or to comply with a pretrial order, the claims of following plaintiffs should be dismissed: Jennifer Brooks, Kathleen Christensen, Joseph Conley, Crystal Conley, Sharon Cottrell, Steve Cox, Dalton Daughenbaugh, Laura Drake, Janeen Frey, Mary Ganoe-Danielson-Stroud, Ruben Hernandez, Norah Hill, Connie Jo Holaday, Shannon Johnson, Jeffrey Patrick Madore, Bailey McPike, Christopher Michael Philpott, Susan Quick, Jody Reed, Sue Ellen Rohner, Joe Ronfeldt, Dornida Sorensen, and Jose Villareal. Fed. Rs. Civ. P. 16(f)(1)(C), 37(b)(2)(A)(v) and (d)(3). The claims of plaintiffs Aimee Jackson and Eduardo Cantu should not be dismissed. However, Ms. Jackson and Mr. Cantu should appear for depositions on a date mutually agreeable to the parties no later than June 22, 2016. Five days before the scheduled depositions, counsel for plaintiffs should confirm Ms. Jackson and Mr. Cantu will appear as scheduled and provide notice to their clients that failure to appear could result in dismissal of their claims and the assessment of fees and costs against them.   Defendant's motion to dismiss [131] should be granted in part and denied in part as above.

IT IS ORDERED that the parties shall have until **June 13, 2016** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thomas v. Arn*,

474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

    IT IS SO ORDERED.

    Dated this May 27, 2016.

_Helen C. Adams_
**HELEN C. ADAMS**
**UNITED STATES MAGISTRATE JUDGE**
